UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RYAN JOSEPH ADAMS,

       Plaintiff,

          v.                        CAUSE NO. 2:22CV190-PPS/JEM

SGT. YOUNG, et al.,

       Defendants.

OPINION AND ORDER

Ryan Joseph Adams, a prisoner without a lawyer, filed this lawsuit against Sgt.

Young and the Porter County Jail, alleging that Sgt. Young verbally harassed him on

June 30, 2022. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I

must review the merits of a prisoner complaint and dismiss it if the action is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.

Adams indicates that he filed a grievance on July 5, 2022. ECF 1 at 7. He admits

the grievance process was not yet complete when he submitted his complaint on July

11, 2022, noting that he had not yet received a response to his grievance. *Id.* Prisoners

are prohibited from bringing an action in federal court with respect to prison conditions

"until such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a).

> The PLRA provides that "[n]o action shall be brought with respect to
> prison conditions under section 1983 . . . until such administrative
> remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion
> is necessary even if the prisoner is requesting relief that the relevant
> administrative review board has no power to grant, such as monetary
> damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh

Circuit held in *Dole* that a prisoner must file a grievance because responding to his

grievance might satisfy him and avoid litigation or the grievance could "alert prison

authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v.*

*Nussle*, 534 U.S. at 525.

Failure to exhaust is an affirmative defense on which the defendant bears the

burden of proof. *Dole*, 438 F.3d at 809. Nevertheless, "a plaintiff can plead himself out of

court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early*

*v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the

case here. "[A] suit filed by a prisoner before administrative remedies have been

exhausted must be dismissed; the district court lacks discretion to resolve the claim on

the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*

*v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Adams admits in his

complaint that he did not exhaust his administrative remedies before filing suit.

Therefore, this case cannot proceed. If Adams can exhaust his administrative remedies,

he may file a new lawsuit.

2

ACCORDINGLY:

This case is DISMISSED WITHOUT PREJUDICE for failure to exhaust

administrative remedies as required by 42 U.S.C. § 1997e(a).

SO ORDERED on November 2, 2022.

 /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT